UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

           Plaintiff,

v.

COURTYARD MANAGEMENT
CORPORATION, a Delaware
Corporation, and MARRIOTT HOTEL
SERVICES, INC., a Delaware Corporation,

           Defendants.

Case No.:   2:22cv-00532-GEKP

## FIRST AMENDED COMPLAINT

This First Amended Complaint is being filed solely to add Defendant Courtyard Management Corporation to this action.

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, COURTYARD MANAGEMENT CORPORATION, a Delaware Corporation, and MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation (sometimes referred to as "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.    Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2.    Defendants' property, The Courtyard by Marriott Hotel, is located at 1001 Intrepid Avenue, Philadelphia, PA, in the County of Philadelphia.

3. Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. See, also, 28 USC § 2201 and § 2202.

5. Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She has limited use of her right hand. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school. After completion of her studies, she founded a business and resided in the area until 2011. She was active in the business community and has many long-standing relationships that she has maintained throughout the years. She also had two children during those years, through which she knew many people.

Her elder daughter and granddaughter live in the Lancaster area and she often meets them, so that they may enjoy cultural activities, dining and shopping. Ms. Swartz lived in the Lancaster area for many years and has many friends there

Helen Swartz visited the property which forms the basis of this lawsuit from October 22 through October 23, 2021, and has reservations to return to the property on August 10, 2022, to meet with friends from her graduate program at Temple University, whom she has known for many years. They have gone through weddings, divorces, and many of life's ups and downs together. She also plans to eat at a renowned Israeli restaurant, Zahav. The

proprietor, Michael Solomonov, won the James Beard Foundation awards Best Chef: Mid-Atlantic, Cookbook of the Year, and Outstanding Chef. Ms. Swartz also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

6. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 10. The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as The Courtyard by Marriott Hotel, and is located at 1001 Intrepid Avenue, Philadelphia, PA, in the County of Philadelphia.

8. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 10 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. HELEN SWARTZ desires to visit not only to avail herself of the goods and services available at the property but to assure herself

3

that this property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject property has shown that violations exist. These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

    a. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

    b. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

    c. An accessible parking space with an accessible access aisle is not provided to access the Electric Vehicle parking charging station. This is in violation of section 502 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.203, §36.304. The hotel did not make reasonable accommodations to redesign access for this facility. This condition made it difficult for the plaintiff to access the facility.

    d. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1). The hotel discriminates against the disabled in only offering the Electric Vehicle Parking Charging station to able individuals. 28 CFR §36.201, §36.202, §36.203, §36.304.

  e. Accessible seating at the dining tables and work counter, with outlets are not provided to a person using a wheelchair. This is in violation of sections 226 & 902 of the 2010 Standards for Accessible Design. The hotel did not make reasonable accommodations during their $35 million renovation to redesign access for this facility. This condition denied the plaintiff the use of the facility; 28 CFR §36.201, §36.202, §36.203, §36.304.

  f. Access is not provided to use the communal table with outlets. This is in violation of sections 226, 308 & 902 of the 2010 Standards for Accessible Design. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This condition denied the plaintiff the use of the facility; 28 CFR §36.201, §36.202, §36.203, §36.304.

  g. The hotel website states, "Visit the Communal Table during your downtime in South Philly and socialize with friends, enjoy a drink or connect and catch up with free Wi-Fi." This enjoyment is only offered to the hotel's able guests. The hotel discriminates against disabled individuals by excluding them from the same enjoyment that the hotel offers its able guests. 28 CFR §36.201, §36.202, §36.203, §36.304.

  h. An appropriate bench is not offered at the computer station. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This condition denied the plaintiff the use of the facility; 28 CFR §36.201, §36.202, §36.203, §36.304.

  i. The keypad to operate the elevator car controls is out of reach to a person using a wheelchair. This is in violation of section 407 of the 2010 Standards for Accessible Design. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This condition denied the plaintiff the use of the facility; 28 CFR §36.201, §36.202, §36.203, §36.304.

  j. Items in The Market are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations during their $35 million renovation to redesign access for this facility. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access items on the concession shelves.

  k. In the accessible guestroom #205 which hotel deemed an accessible guestroom, a forward reach is not provided to access the light switch on lamps by the bed. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This condition denied the plaintiff the use of the facility; 28 CFR §36.201, §36.202, §36.203, §36.304.

  l. In the accessible guestroom #205 which hotel deemed an accessible guestroom, a turning space is not provided to access the lamp behind the chair. The

hotel did not make reasonable accommodations during their $34 million construction to include design for access to this facility. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

      m.      In the accessible guestroom #205, which hotel deemed an accessible guestroom, a forward reach is not provided to access the lamp on the desk. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This is in violation of sections 308 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to hang up her clothes independently.

      n.      In the accessible guestroom #205, which hotel deemed an accessible guestroom, the window control is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This is in violation of sections 308 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

      o.      In the accessible guestroom #205, which hotel deemed an accessible guestroom, the HVAC is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations during their $34 million construction to include design for access for this facility. This is in violation of sections 308 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

      p.      In guestroom #205 which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. The hotel did not make reasonable accommodations during to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      q.      In the accessible guestroom #205, which hotel deemed an accessible guestroom, the mirror above the lavatory is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

      r.      In the accessible guestroom #205, which hotel deemed an accessible guestroom, a forward reach is not provided to access the outlet by the lavatory. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 308 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently

access the facility.

      s.      A forward reach is not provided to access the house phone in the Fitness Center. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

      t.      Items in the hotel toilet room are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

11.    All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

12.    The discriminatory violations described in Paragraph 10 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq.* Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy

subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the facilities to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

    b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a

9

disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: Feb 21, 2022

Respectfully submitted,

David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossitto
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:   215.658.0747
ddessen@dms-lawyer.com

*Attorneys for Plaintiff Helen Swartz*

10